# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2017, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of A.A. (Minor Child) Child in Need of Services,

C.A.,

*Appellant-Respondent,*

v.

Indiana Department of Child Services,

*Appellee-Petitioner.*

April 19, 2017

Court of Appeals Case No.
52A02-1611-JC-2684

Appeal from the Miami Circuit Court

The Honorable Timothy P. Spahr, Judge

Trial Court Cause No.
52C01-1603-JC-34

**Bailey, Judge.**

# Case Summary

C.A. ("Mother") appeals the adjudication of her daughter, A.A. ("Child"), as a Child in Need of Services ("CHINS"). Mother raises two related issues, which we consolidate and restate as whether Mother's due process rights were violated when the trial court allowed Mother's counsel to orally withdraw at the fact-finding hearing, with no notice, and conducted the hearing in Mother's absence.

We reverse and remand.

# Facts and Procedural History

Shortly after Mother gave birth to Child, the Department of Child Services ("DCS") removed Child from Mother's care. On March 22, 2016, DCS filed a CHINS petition, alleging that Mother was in a violent relationship with M.R., and that the relationship posed a threat to Child. Mother was appointed a public defender, and counsel entered an appearance on Mother's behalf.

A fact-finding hearing was initially scheduled for May 18, 2016, but was postponed several times due to continuances. The hearing was eventually scheduled for August 17, 2016. On July 6, 2016, Mother made several *pro se* filings, including a "Motion to Continue Pro Se" in which she alleged that her appointed counsel was "not representing [her] properly," kept allowing continuances, and did not return phone calls. (App. at 100.) The trial court entered an order striking Mother's *pro se* filings, and a status hearing was set for

August 3, 2016 regarding Mother's dissatisfaction with counsel. Mother did not attend the hearing, and Mother remained represented by counsel.

[5] On August 17, 2016, the fact-finding hearing was held, and Mother was absent. At the beginning of the hearing, the trial court asked Mother's counsel about contact between them, and counsel responded:

> I've had no contact with [Mother] other than the one time that she was in Court. She failed to appear for her appointment, we've tried to call her on three phone lines, none of which have voicemail set up. One of them's not accepting calls, at least, I sent her a letter after the last hearing indicating she if wished [*sic*] to discuss the case[,] she would need to set an appointment because her phone wasn't set up. I've never had any . . . contact from (inaudible).

(Tr. at 4.) Counsel also confirmed that he sent the date of the fact-finding hearing to Mother's last-known address. The trial court inquired about DCS's contact with Mother, and then said it would proceed with the fact-finding hearing. Mother's counsel then orally moved to withdraw, and the trial court granted the motion. DCS then presented evidence, after which the trial court adjudicated Child a CHINS.

[6] The trial court held a dispositional hearing on September 21, 2016, at which Mother appeared *pro se*. Mother explained that she did not attend the status hearing or the fact-finding hearing because, at those times, she had a body attachment warrant in a separate custody case. At the conclusion of the hearing, the trial court said that it was adopting DCS's recommendations and

ordering services. The trial court entered its order on October 28, 2016, Mother was appointed a public defender, and this appeal ensued.

## Discussion and Decision

Mother seeks reversal of the CHINS adjudication, contending that her due process rights were violated when the trial court allowed her attorney to withdraw at the start of the fact-finding hearing, without notice—which was contrary to Trial Rule 3.1(H)[1]—and then conducted the hearing in her absence.

Parents at all stages of CHINS proceedings have due process protections, and these protections are "vital" because every CHINS proceeding has the potential to interfere with the rights of parents in the upbringing of their children. *In re G.P.*, 4 N.E.3d 1158, 1165 (Ind. 2014). "[T]he requirement of due process— whether set as a minimum floor by the Due Process Clause of the Fourteenth Amendment or established as something higher by legislative enactment"— embodies a requirement of "fundamental fairness." *Id.* at 1168. Due process "requires 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *In re K.D.*, 962 N.E.2d 1249, 1257 (Ind. 2012) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

---

[1] Indiana Trial Rule 3.1(H) provides, *inter alia*, that "[a]n attorney representing a party may file a motion to withdraw representation of the party upon a showing that the attorney has sent written notice of intent to withdraw to the party at least ten (10) days before filing a motion to withdraw representation." The instant motion to withdraw, made orally with no notice, was plainly contrary to this rule.

[9]     The process due in a CHINS proceeding often turns on the balancing of three *Mathews* factors: (1) the private interests affected by the proceeding; (2) the risk of error created by the State's chosen procedure; and (3) the countervailing governmental interest supporting use of the challenged procedure. *See id.* Mother declines to apply the *Mathews* factors. Instead, she directs us to *In re G.P.*, in which our supreme court noted that, "*Mathews* analysis aside, it is also true that 'if the State imparts a due process right, then it must give that right.'" 4 N.E.3d at 1166 (quoting *In re C.G.*, 954 N.E.2d 910, 917 (Ind. 2011)). That is, denial of a statutory entitlement "would constitute a failure to afford [a] parent the process to which the General Assembly says he or she is due." *Id.*

[10]    Mother points out that parents in CHINS adjudication proceedings have several statutory entitlements, including the right to cross-examine witnesses and the right to introduce evidence. *See* Ind. Code § 31-32-2-3. Mother contends that, given the circumstances of the fact-hearing, she was effectively deprived of these State-imparted rights, and thereby denied due process. We agree. Although we certainly do not condone Mother's decision not to appear at the fact-finding hearing, critically, Mother made that decision when she was still represented. Had Mother known of her attorney's intention to withdraw, Mother could have made an informed decision about whether to attend the fact-finding hearing and exercise her statutory rights as a *pro se* litigant—or potentially seek new counsel. Yet, Mother had no notice of counsel's intentions, and was effectively prevented from exercising her statutory rights when the trial court conducted the hearing in her absence. In this regard, the CHINS proceeding was rendered

fundamentally unfair,[2] and Mother was denied due process. *Cf. D.A. v. Monroe Cty. Dep't of Child Servs.*, 869 N.E.2d 501, 510-12 (Ind. Ct. App. 2007) (engaging in a three-factor *Mathews* analysis and concluding that a parent was denied due process under similar circumstances). We therefore reverse the CHINS adjudication and remand for a proper fact-finding hearing.

# Conclusion

[11]   Mother's due process rights were violated when the trial court allowed Mother's counsel to withdraw, without notice, and conducted the fact-finding hearing in Mother's absence.

[12]   Reversed and remanded.

Vaidik, C.J., and Robb, J., concur.

---

[2] We are not persuaded by the State's argument that Mother invited error of this nature because she expressed dissatisfaction with counsel, by filing the *pro se* motion that was ultimately stricken, or because she failed to attend the fact-finding hearing when, to Mother's knowledge, she was represented by counsel.